IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Ronald L. Anderson,
an individual of Big Pine Key, Florida,

    Plaintiff,

v.

Red Rocks, LLC, a South Carolina
limited liability company; J. Chris
Lindgren, an individual of Hilton
Head Island, South Carolina; and
Marcy M. Lindgren, an individual of
Hilton Head Island, South Carolina,

    Defendants.

Civil Action No. 9:11-984-SB

**ORDER**

This matter came before the Court on Thursday, October 4, 2012, for a hearing on the Court's reconsideration of the Plaintiff's motion for summary judgment.[1] As an initial matter, the Court notes that both parties agree that this Court has authority to reconsider its earlier denial of summary judgment against Defendants Chris and Marcy Lindgren, as such ruling was interlocutory. Indeed, it appears that Federal Rule of Civil Procedure 54(b) provides for such reconsideration. See also American Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time



---

[1] This case was automatically referred to a United States Magistrate Judge for initial review, and on April 3, 2012, Magistrate Judge Marchant issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant the Plaintiff's motion for summary judgment against Defendant Red Rocks, LLC, but that the Court deny the Plaintiff's motion against Defendants Chris and Marcy Lindgren. Specifically, the Magistrate Judge found that the promissory note at issue in this case was ambiguous with respect to the terms of the guaranty. When no written objections were filed, this Court adopted the R&R; however, after further review of the matter, the Court concluded that additional consideration of the parties' arguments was necessary.

prior to final judgment when such is warranted.").

After considering the parties' arguments, and for the specific reasons set forth on the record during the hearing, the Court finds that the only reasonable conclusion to draw from the four corners of the promissory note—when considered in light of South Carolina law—is that the Lindgrens' guaranty was an absolute guaranty of payment. See McGee v. F. W. Poe Mfg. Co., 176 S.C. 288, 180 S.E. 48, 51 (1935) ("Where terms of a guaranty do not import some condition precedent to liability of guarantor, guaranty is absolute, or guaranty of payment, rather than of collection.") (citation omitted). Thus, the Court disagrees with the Magistrate Judge's conclusion that an ambiguity exists with respect to the terms of the guaranty.

Nevertheless, even giving the Defendants the benefit of the doubt and assuming that some ambiguity does exist, a consideration of the extrinsic evidence also leads the Court to the same conclusion. See World-Wide Rights Ltd. Partnership v. Combe, Inc., 955 F.2d 242, 245 (4th Cir. 1992) ("Even where a court, however, determines as a matter of law that a contract is ambiguous, it may yet examine evidence extrinsic to the contract that is included in the summary judgment materials, and, if that evidence is, as a matter of law, dispositive of the interpretive issue, grant summary judgment on that basis."). In other words, the extrinsic evidence points to but one reasonable conclusion, namely, that the Lindgrens intended to provide an absolute guaranty of repayment of the debt owed by Red Rocks. First, the Defendants admit as much in paragraph nine of the parties' joint stipulation, which provides: "As with prior loans, Mr. Lindgren told Mr. Anderson that he would document the loan with a promissory note and that he and his wife, Mrs. Lindgren, would guaranty repayment." (Entry 35-2 at ¶ 9.) Second, Mr. Lindgren, who is a lawyer,



2

actually drafted the note, and South Carolina law provides that any ambiguous language in a contract is to be construed against the drafter. Finally, the parties were sophisticated business people; they had a prior course of dealing; and Mr. Lindgren admitted during his deposition that he and his wife signed this note and previous notes as guarantors.

Here, the Court has given the contract language the most "reasonable interpretation according to the intention of the parties as disclosed by the instrument, read in light of the surrounding circumstances and the purpose for which it was made," and for the reasons set forth on the record and herein, the Court finds that the Plaintiff is entitled to summary judgment against the Lindgrens. McGee, 176 S.C. 288, 180 S.E. at 51.

Based on the foregoing, it is hereby

**ORDERED** that summary judgment is entered in favor of the Plaintiff against both Red Rocks, LLC, and Defendants Chris and Marcy Lindgren.[2]

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October ___, 2012
Charleston, South Carolina



---

[2] At the hearing, the parties indicated that they would confer about the amount of attorney's fees owed pursuant to the note as well as the total amount of debt owed by the Defendants pursuant to the note.

3